Richard SATAVA, an individual; Satava Art Glass, a sole proprietorship, Plaintiffs–Appellees,

v.

Christopher LOWRY, an individual; Christopher Richards, an Opinion individual; Makawao Glassworks, LLC, dba Hot Island Glass, Defendants–Appellants.

No. 02–16347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Filed March 20, 2003.

---

806

Delbert J. Barnard, Barnard & Pauly, Seattle, WA, for the defendants-appellants.

Roger R. Myers and Lisa M. Sitkin, Steinhart & Falconer, San Francisco, CA, for the plaintiffs-appellees.

Before: SILVERMAN and GOULD, Circuit Judges, and WEINER,* Senior District Judge.

## OPINION

GOULD, Circuit Judge.

In the Copyright Act, Congress sought to benefit the public by encouraging artists' creative expression. Congress carefully drew the contours of copyright protection to achieve this goal. It granted artists the exclusive right to the original expression in their works, thereby giving them a financial incentive to create works to enrich our culture.[1] But it denied artists the exclusive right to ideas and standard elements in their works, thereby preventing them from monopolizing what rightfully belongs to the public. In this case, we must locate the faint line between unprotected idea and original expression in the context of realistic animal sculpture. We must decide whether an artist's lifelike glass-in-glass sculptures of jellyfish are protectable by copyright. Because we conclude that the sculptures are composed of unprotectable ideas and standard elements, and also that the combination of those unprotectable elements is unprotectable, we reverse the judgment of the district court.

## I

Plaintiff Richard Satava is a glass artist from California. In the late 1980s, Satava was inspired by the jellyfish display at an aquarium. He began experimenting with jellyfish sculptures in the glass-in-glass medium and, in 1990, began selling glass-in-glass jellyfish sculptures. The sculptures sold well, and Satava made more of them. By 2002, Satava was designing and creating about three hundred jellyfish sculptures each month. Satava's sculptures are sold in galleries and gift shops in forty states, and they sell for hundreds or thousands of dollars, depending on size. Satava has registered several of his works with the Register of Copyrights.

Satava describes his sculptures as "vertically oriented, colorful, fanciful jellyfish with tendril-like tentacles and a rounded bell encased in an outer layer of rounded clear glass that is bulbous at the top and tapering toward the bottom to form roughly a bullet shape, with the jellyfish portion of the sculpture filling almost the entire volume of the outer, clearglass shroud." Satava's jellyfish appear lifelike. They re-

---

* The Honorable Charles R. Weiner, Senior United States District Judge for Eastern Pennsylvania, sitting by designation.

1. Justice Potter Stewart explained this feature of copyright law: "The immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor. But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good." *Twentieth Century Music Corp. v. Aiken,* 422 U.S. 151, 156, 95 S.Ct. 2040, 45 L.Ed.2d 84 (1975).

semble the *pelagia colorata* that live in the Pacific Ocean:

During the 1990s, defendant Christopher Lowry, a glass artist from Hawaii, also began making glass-in-glass jellyfish sculptures. Lowry's sculptures look like Satava's, and many people confuse them:

In Hawaii, Satava's sculptures have appeared in tourist brochures and art magazines. The sculptures are sold in sixteen galleries and gift shops, and they appear in many store windows. Lowry admits he saw a picture of Satava's jellyfish sculptures in *American Craft* magazine in 1996. And he admits he examined a Satava jellyfish sculpture that a customer brought him for repair in 1997.

Glass-in-glass sculpture is a centuries-old art form that consists of a glass sculpture inside a second glass layer, commonly called the shroud. The artist creates an inner glass sculpture and then dips it into molten glass, encasing it in a solid outer glass shroud. The shroud is malleable before it cools, and the artist can manipulate it into any shape he or she desires.

Satava filed suit against Lowry accusing him of copyright infringement. Satava requested, and the district court granted, a preliminary injunction, enjoining Lowry from making sculptures that resemble Satava's.[2] Lowry appealed to us.

## II

A preliminary injunction must be affirmed on appeal unless the district court (1) abused its discretion or (2) based its decision on an erroneous legal standard or on clearly erroneous findings of fact. *United States v. Peninsula Communications, Inc.*, 287 F.3d 832, 839 (9th Cir. 2002). We hold that the district court based its decision on an erroneous legal standard, so we reverse.

Copyright protection is available for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). Copyright protection does not, however, "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery...." 17 U.S.C. § 102(b).

Any copyrighted expression must be "original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Although the amount of creative input by the author required to meet the originality standard is low, it is not negligible. *See Feist*, 499 U.S. at 362, 111 S.Ct. 1282. There must be something more than a "merely trivial" variation, something recognizably the art-

ist's own. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 489 (9th Cir.2000).

The originality requirement mandates that objective "facts" and ideas are not copyrightable. *Baker v. Selden*, 101 U.S. (11 Otto) 99, 25 L.Ed. 841 (1879); *Feist*, 499 U.S. at 347, 111 S.Ct. 1282; *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1109–10 (9th Cir.1970). Similarly, expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law.[3] *See v. Durang*, 711 F.2d 141, 143 (9th Cir.1983).

It follows from these principles that no copyright protection may be afforded to the idea of producing a glass-in-glass jellyfish sculpture or to elements of expression that naturally follow from the idea of such a sculpture. *See Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987) ("No copyright protection may be afforded to the idea of producing stuffed dinosaur toys or to elements of expression that necessarily follow from the idea of such dolls."). Satava may not prevent others from copying aspects of his sculptures resulting from either jellyfish physiology or from their depiction in the glass-in-glass medium. *See id.* ("Appellants therefore may place no reliance upon any similarity in expression resulting from either the physiognomy of dinosaurs or from the nature of stuffed animals.").

---

**2.** The injunction prevented Lowry from making or selling sculptures with "a vertically oriented, colorful, fanciful jellyfish with tendril-like tentacles and a rounded bell encased in an outer layer of rounded clear glass that is bulbous at the top and tapering toward the bottom to form roughly a bullet shape, with the jellyfish portion of the sculpture filling almost the entire volume of the outer, clear glass shroud."

**3.** Standard elements sometimes are called "sc# 30# nes # 2A# faire," vaguely French for "scenes which 'must' be done." *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 n. 17 (9th Cir.2000). The Ninth Circuit treats sc# 30# nes # 2A# faire as a defense to infringement rather than as a barrier to copyrightability. *Id.See also Ets–Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763 (9th Cir.2003) (reviewing the district court's decision after remand).

Satava may not prevent others from depicting jellyfish with tendril-like tentacles or rounded bells, because many jellyfish possess those body parts. He may not prevent others from depicting jellyfish in bright colors, because many jellyfish are brightly colored. He may not prevent others from depicting jellyfish swimming vertically, because jellyfish swim vertically in nature and often are depicted swimming vertically.[4] *See id.* at 901 n. 1 (noting that a Tyrannosaurus stuffed animal's open mouth was not an element protected by copyright because Tyrannosaurus "was a carnivore and is commonly pictured with its mouth open").

Satava may not prevent others from depicting jellyfish within a clear outer layer of glass, because clear glass is the most appropriate setting for an aquatic animal. *See id.* (noting that a Pterodactyl stuffed animal's depiction as a mobile hanging from the ceiling was not protectable because Pterodactyl "was a winged creature and thus is appropriate for such treatment"). He may not prevent others from depicting jellyfish "almost filling the entire volume" of the outer glass shroud, because such proportion is standard in glass-in-glass sculpture. And he may not prevent others from tapering the shape of their shrouds, because that shape is standard in glass-in-glass sculpture.

Satava's glass-in-glass jellyfish sculptures, though beautiful, combine several unprotectable ideas and standard elements. These elements are part of the public domain. They are the common property of all, and Satava may not use copyright law to seize them for his exclusive use.

It is true, of course, that a *combination* of unprotectable elements may qualify for copyright protection. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir.1994); *United States v. Hamilton*, 583 F.2d 448, 451 (9th Cir. 1978) (Kennedy, J.) ("[O]riginality may be found in taking the commonplace and making it into a new combination or arrangement."). *See also Metcalf*, 294 F.3d at 1074 ("The particular sequence in which an author strings a significant number of unprotectable elements can itself be a protectable element. Each note in a scale, for example, is not protectable, but a pattern of notes in a tune may earn copyright protection."). But it is not true that *any* combination of unprotectable elements automatically qualifies for copyright protection. Our case law suggests, and we hold today, that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship. *See Metcalf*, 294 F.3d at 1074; *Apple Computer, Inc.*, 35 F.3d at 1446. *See also Feist*, 499 U.S. at 358, 111 S.Ct. 1282 ("[T]he principal focus should be on whether the selection, coordination, and arrangement are sufficiently original to merit protection.").

The combination of unprotectable elements in Satava's sculpture falls short of this standard. The selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form, considered together, lacks the quantum of originality needed to merit copyright protection. *See Hamilton*, 583 F.2d at 451 ("Trivial elements of compilation and arrangement, of course, are not

---

4. Vertical orientation is a standard element partly because human beings prefer the world right-side-up.

copyrightable because they fall below the threshold of originality."). These elements are so commonplace in glass-in-glass sculpture and so typical of jellyfish physiology that to recognize copyright protection in their combination effectively would give Satava a monopoly on lifelike glass-in-glass sculptures of single jellyfish with vertical tentacles. *See Feist*, 499 U.S. at 363, 111 S.Ct. 1282 (noting that the selection, coordination, and arrangement of phone numbers in a directory "is not only unoriginal, it is practically inevitable"). Because the quantum of originality Satava added in combining these standard and stereotyped elements must be considered "trivial" under our case law, Satava cannot prevent other artists from combining them.[5]

■ We do not mean to suggest that Satava has added nothing copyrightable to his jellyfish sculptures. He has made some copyrightable contributions: the distinctive curls of particular tendrils; the arrangement of certain hues; the unique shape of jellyfishes' bells. To the extent that these and other artistic choices were not governed by jellyfish physiology or the glass-in-glass medium, they are original elements that Satava theoretically may protect through copyright law. Satava's copyright on these original elements (or their combination) is "thin," however, comprising no more than his original contribution to ideas already in the public domain. Stated another way, Satava may prevent others from copying the original features he contributed, but he may not prevent others from copying elements of expression that nature displays for all observers, or that the glass-in-glass medium suggests to all sculptors. Satava possesses a thin copyright that protects against only virtually identical copying. *See Ets–Hokin v. Skyy Spirits, Inc.*, 323 F.3d at 766 (9th Cir.2003) ("When we apply the limiting doctrines, subtracting the unoriginal elements, Ets Hokin is left with ... a 'thin' copyright, which protects against only virtually identical copying."); *Apple*, 35 F.3d at 1439 ("When the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity.").

We do not hold that realistic depictions of live animals cannot be protected by copyright. In fact, we have held to the contrary. *See Kamar Int'l, Inc. v. Russ Berrie and Co.*, 657 F.2d 1059, 1061 (9th Cir.1981). We recognize, however, that the scope of copyright protection in such works is narrow. *See Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 741 (9th Cir.1971) ("Any inference of copying based upon similar appearance lost

---

5. We reach this conclusion based in part on our examination of the dozens of photographs of glass-in-glass jellyfish sculptures in the record. Some of the sculptures depict almost colorless jellyfish. Some of the sculptures have spherical shrouds. Some have shrouds encased in opaque black glass with clear windows cut through. Though none of the sculptures are identical, all of them are substantially similar. They differ only insofar as an artist has added or omitted some standard element. To give Satava a copyright on this basic combination of elements would effectively give him a monopoly on the idea of glass-in-glass sculptures of single vertical jellyfish. Congress did not intend for artists to fence off private preserves from within the public domain, and, if we recognized Satava's copyright, we would permit him to do exactly that.

Our analysis above suggests that the "merger doctrine" might apply in this case. Under the merger doctrine, courts will not protect a copyrighted work from infringement if the idea underlying the copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea. *CDN Inc. v. Kapes*, 197 F.3d 1256, 1261 (9th Cir.1999). In light of our holding that Satava cannot prevent other artists from using the standard and stereotyped elements in his sculptures, or the combination of those elements, we find it unnecessary to consider the application of the merger doctrine.

much of its strength because both [works] were lifelike representations of a natural creature."). Nature gives us ideas of animals in their natural surroundings: an eagle with talons extended to snatch a mouse; a grizzly bear clutching a salmon between its teeth; a butterfly emerging from its cocoon; a wolf howling at the full moon; a jellyfish swimming through tropical waters. These ideas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them.

■ An artist may, however, protect the original expression he or she contributes to these ideas. An artist may vary the pose, attitude, gesture, muscle structure, facial expression, coat, or texture of animal. An artist may vary the background, lighting, or perspective. Such variations, if original, may earn copyright protection. Because Satava's jellyfish sculptures contain few variations of this type, the scope of his copyright is narrow.

We do not mean to short-change the legitimate need of creative artists to protect their original works. After all, copyright law achieves its high purpose of enriching our culture by giving artists a financial incentive to create. But we must be careful in copyright cases not to cheat the public domain. Only by vigorously policing the line between idea and expression can we ensure both that artists receive due reward for their original creations and that proper latitude is granted other artists to make use of ideas that properly belong to us all.

**REVERSED.**

