345 F.3d 1140
 LAMPS PLUS, INC., a California corporation, Plaintiff-Counter-Defendant-Appellant,
v.
SEATTLE LIGHTING FIXTURE CO., a Washington corporation, Defendant, and
Patrick S. Dolan, an individual; A-Boy Supply Company, an Oregon corporation; Dolan Northwest LLC, an Oregon limited liability company, Defendants-Counter-Claimants-Appellees.
Lamps Plus, Inc., a California corporation, Plaintiff-Counter-Defendant-Appellee,
v.
Seattle Lighting Fixture Co., a Washington corporation, Defendant, and
Patrick S. Dolan, an individual; A-Boy Supply Company, an Oregon corporation; Dolan Northwest LLC, an Oregon limited liability company, Defendants-Counter-Claimants-Appellants.
Lamps Plus, Inc., a California corporation, Plaintiff-Counter-Defendant-Appellee,
v.
Seattle Lighting Fixture Co., a Washington corporation, Defendant, and
Opinion Patrick S. Dolan, an individual; A-Boy Supply Company, an Oregon corporation; Dolan Northwest LLC, an Oregon limited liability company, Defendants-Counter-Claimants-Appellants.
 No. 01-35352.
 No. 01-35399.
 No. 01-35484.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 4, 2003 — Seattle, Washington.
 Filed October 6, 2003.
 
 John A. O'Malley and David M. Morse, Fulbright & Jaworski L.L.P., Los Angeles, CA, for plaintiff-counter-defendant-appellant/appellee.
 Stephen S. Ford, Marger Johnson & McCollom, P.C., Portland, OR, for defendants-counter-claimants-appellees/appellants.
 Appeal from the United States District Court for the Western District of Washington; Barbara Jacobs Rothstein, District Judge, Presiding. D.C. No. CV-00-00709-BJR.
 Before: James R. Browning, Arthur L. Alarcón, and Richard R. Clifton, Circuit Judges. Opinion by Judge Alarcón
 OPINION
 ALARCÓN, Senior Circuit Judge.
 
 
 1
 In this copyright infringement action, Lamps Plus, Inc. ("Lamps Plus") appeals from the order granting summary judgment in favor of A-Boy Supply Co., Dolan Northwest, LLC, and Patrick S. Dolan (collectively, "A-Boy"). Lamps Plus seeks reversal on the ground that the district court erred in concluding that A-Boy's Victorian-style table lamp (the "Dolan Lamp") did not infringe Lamps Plus's copyright for its Victorian Tiffany table lamp because the Dolan Lamp was not substantially similar. In its cross-appeal, A-Boy contends that the district court erred in failing to hold that Lamps Plus's copyright was invalid and in not awarding attorney's fees.
 
 
 2
 We affirm the order granting summary judgment because we conclude that Lamps Plus's copyright is invalid. We vacate the order denying A-Boy's request for attorney's fees with instructions that the district court reconsider whether A-Boy is entitled to attorney's fees in light of this court's determination that A-Boy should have prevailed on the ground that the copyright was invalid and unenforceable.
 
 
 3
 * Lamps Plus is a manufacturer and retailer of lighting products in several western states. In 1997, Lamps Plus combined a lamp-shade assembly, originally designed to be attached to a ceiling for use as an overhead light, with a table-lamp base to form its Victorian Tiffany table lamp. Each of these elements was a preexisting work purchased from vendors in China. The shade assembly consists of four discrete pieces: a finial, a cap, a glass light shade, and a metal filigree previously used to form a ceiling lamp. Lamps Plus mechanically modified these parts so that they can function as a table lamp.
 
 
 4
 On February 19, 1998, Lamps Plus applied for a Certificate of Registration from the United States Copyright Office. Question 6 of the Copyright Application refers to derivative works or compilations. The form requires that 6(a) and (b) be completed if the work is derivative and that 6(b) be completed if the work is a compilation. Question 6(a) requires that an applicant "[i]dentify any preexisting work or works that [the applicant's] work is based on or incorporates." Question 6(b) requires the applicant to "[g]ive a brief, general statement of the material that has been added to this work and in which copyright is claimed."
 
 
 5
 Lamps Plus did not submit a response to question 6(a) or question 6(b). Dennis Swanson, Lamps Plus's corporate president, designed the Victorian Tiffany table lamp. On February 23, 1998, the Copyright Office issued Certificate of Registration VA 905-310 for the Victorian Tiffany table lamp.
 
 
 6
 A-Boy is a manufacturer and retailer of lighting products and competes with Lamps Plus in Oregon and Washington. Patrick Dolan, A-Boy's vice president, designed the Dolan Lamp for A-Boy. He admitted having had access to Lamps Plus's Victorian Tiffany table lamp before he designed the Dolan Lamp. The record shows that he purchased a Victorian Tiffany table lamp from a Lamps Plus store.
 
 
 7
 Dolan testified in his deposition that he "designed the Dolan Lamp to compete with the Lamps Plus lamp." He also designed and patented a Tiffany-style shade for A-Boy. It is undisputed that Dolan designed the cap and finial for the Dolan Lamp and that he used a preexisting table-lamp base that is different in design from the one that forms a part of the Victorian Tiffany table lamp. Dolan also admitted that he used the same preexisting metal filigree used by Lamps Plus in the Victorian Tiffany table lamp.
 
 
 8
 In September 1999, A-Boy started selling the Dolan Lamp in some of its Oregon and Washington stores. On September 30, 1999, Lamps Plus contacted A-Boy and demanded that it stop selling the Dolan Lamp because it infringed on the copyright for the Victorian Tiffany table lamp.
 
 
 9
 On July 26, 2000, Lamps Plus filed a complaint in the district court in which it claimed that A-Boy had infringed its copyright of the Victorian Tiffany table lamp in violation of 17 U.S.C. §§ 501 et seq. Lamps Plus also set forth claims based on Washington state law.
 
 
 10
 On January 5, 2001, A-Boy filed a motion for summary judgment in which it asserted that Lamps Plus's copyright was invalid, and, alternatively, that it did not infringe the copyright. Lamps Plus filed an opposition to the motion for summary judgment. It alleged that its copyright was valid because the Victorian Tiffany table lamp was "an original sculptural work." Lamps Plus also argued that, "even if the Victorian Tiffany is not an original work, it is a protected compilation of preexisting works." The district court granted A-Boy's motion. In its order granting summary judgment, the district court accepted Lamps Plus's contention that the Victorian Tiffany table lamp was a compilation of previously existing components. The court stated that it would "[a]ssum[e] without deciding that the Victorian Tiffany table lamp rises to the level of originality required to copyright a compilation." The district court granted the motion for summary judgment on the sole basis that the Dolan Lamp was not substantially similar to the Victorian Tiffany table lamp. The district court remanded the state-law claims pursuant to 28 U.S.C. § 1367(c)(3).
 
 
 11
 A-Boy filed a motion for award of attorney's fees and costs under 17 U.S.C. § 505. The district court denied the motion. Lamps Plus filed a timely appeal. A-Boy filed a timely cross-appeal.[1]
 
 II
 
 12
 Lamps Plus contends that the district court erred in determining that the Dolan Lamp did not infringe its copyright for the Victorian Tiffany table lamp. A-Boy argues that we should affirm the dismissal of this action because Lamps Plus's copyright is invalid. Alternatively, A-Boy maintains that the Dolan Lamp does not infringe because the two lamps are not substantially similar. "A grant of summary judgment is reviewed de novo." Commonwealth Utils. Corp. v. Goltens Trading & Eng'g PTE Ltd., 313 F.3d 541, 545 (9th Cir.2002). "We are free to affirm a grant of summary judgment on any grounds supported by the record." Id. at 546.
 
 
 13
 To establish copyright infringement, the holder of the copyright must prove both valid ownership of the copyright and that there was infringement of that copyright by the alleged infringer. . . . If the plaintiff copyright holder survives the first step, i.e., it establishes that it owns a valid copyright, then the plaintiff must establish infringement by showing both access to its copyrighted material on the part of the alleged infringer and substantial similarity between the copyrighted work and the alleged infringing work.
 
 
 14
 N. Coast Indus. v. Jason Maxwell, Inc., 972 F.2d 1031, 1033 (9th Cir.1992); accord Metcalf v. Bochco, 294 F.3d 1069, 1072 (9th Cir.2002). "Ownership of the copyright is. . . always a threshold question." Topolos v. Caldewey, 698 F.2d 991, 994 (9th Cir. 1983). "Under the copyright laws, the registration of a copyright certificate constitutes prima facie evidence of the validity of a copyright in a judicial proceeding commenced within five years of the copyright's first publication." Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir.1997) (citing 17 U.S.C. § 410(c) (1997)) (other citations omitted). Lamps Plus was issued a copyright for the Victorian Tiffany table lamp on February 23, 1998. This action was filed on July 26, 2000. Therefore, Lamps Plus has "shift[ed] to the defendant the burden to prove the invalidity of the. . . copyright[]." Entm't Research Group, Inc., 122 F.3d at 1217(quotation marks and citations omitted). "To rebut the presumption, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." Id.
 
 
 15
 A-Boy argues that the "presumption of validity of the Victorian Tiffany table lamp copyright registration is vitiated because the Copyright Office lacked material information." Appellees Brief at 18. Section 409 of the Copyright Act requires that an application "shall include . . . in the case of a compilation or derivative work, an identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered[.]" 17 U.S.C. § 409(9) (2003). Question 6(a) and question 6(b) of the Copyright Application require an applicant to make the disclosure mandated by § 409.
 
 
 16
 In its application, Lamps Plus claimed that the Victorian Tiffany table lamp was an original sculpture. A photograph submitted with Lamps Plus's application depicted the lamp in its entirety. A separate photograph solely depicting the lamp base was also attached to the application. Affixed to the lamp base is the international copyright symbol, a circled "c" followed by "1997 Lamps Plus." The record shows that Lamps Plus did not hold a copyright for the lamp base or any of the four elements that were assembled to form the shade. It is undisputed that the lamp base was purchased from a supplier in China. Thus, each of the Victorian Tiffany table lamp component parts is the preexisting work of others. Creative works based upon, or consisting of preexisting works, are either "compilations" or "derivative works" under the Copyright Act. See 17 U.S.C. § 101 (2003).[2] Lamps Plus did not identify the designers or the source of any of the preexisting works incorporated in the Victorian Tiffany table lamp in its application.
 
 
 17
 A-Boy cites two district court cases, GB Marketing USA Inc. v. Gerolsteiner Brunnen GmbH & Co., 782 F.Supp. 763 (W.D.N.Y.1991), and Russ Berrie & Co. v. Jerry Elsner Co., 482 F.Supp. 980 (S.D.N.Y.1980), for the proposition that Lamps Plus's failure to disclose the preexisting components in its copyright application invalidates its copyright registration. In both of these cases, the district courts found copyrights invalid when the copyright holders had failed to disclose in their copyright applications that their designs contained preexisting works. GB Mktg. USA, 782 F.Supp. at 774-75; Russ Berrie, 482 F.Supp. at 988.
 
 
 18
 In GB Marketing USA, the district court reasoned that "although the court would ordinarily defer to the judgment of the Copyright Office when the question of originality is a close one, that is impossible to do when the Copyright Office has not had a fair opportunity to pass on the question because of the copyright claimant's failure to advise the Office of the existence of a prior work." 782 F.Supp. at 774-75 (citing Past Pluto Prods. Corp. v. Dana, 627 F.Supp. 1435, 1440 n. 5 (S.D.N.Y. 1986); Russ Berrie, 482 F.Supp. at 987). Both GB Marketing USA and Russ Berrie, however, included findings that the omissions were knowing. In GB Marketing USA, the district court stated: "I find that no genuine factual issue exists as to plaintiff's knowledge that the space on the registration form dealing with derivative or collective works was left blank." 782 F.Supp. at 775. In Russ Berrie, the district court held that "[t]he knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute reason for holding the registration invalid and thus incapable of supporting an infringement action[.]" 482 F.Supp. at 988.
 
 
 19
 In this circuit, however, we have held that "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless . . . the claimant intended to defraud the Copyright Office by making the misstatement." Urantia Found. v. Maaherra, 114 F.3d 955, 963 (9th Cir.1997); accord Three Boys Music Corp. v. Bolton, 212 F.3d 477, 486-87 (9th Cir.2000); see also Cooling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485, 487 (9th Cir.1985) (quoting Melville B. Nimmer, 2 Nimmer on Copyright § 7.20, at 7-147 (1985)) ("Absent fraud, `a misstatement or clerical error in the registration application . . . will not invalidate the copyright nor render the registration certificate incapable of supporting an infringement action.'") (alteration in original).
 
 
 20
 Lamps Plus contends that, because Mr. Swanson believed the Victorian Tiffany table lamp was "an original sculptural work — not a compilation," he did not intend to defraud the Copyright Office by failing to respond to question 6(a) and question 6(b) of the Copyright Application. Appellant Brief at 5-6. Mr. Swanson testified that he was personally unaware that question 6(a) and question 6(b) had been left blank on the Copyright Application. The record, viewed in the light most favorable to Lamps Plus, does not demonstrate that it intended to defraud the Copyright Office by failing to disclose the information required by § 409.
 
 
 21
 The presumption of the validity of a registered copyright may be overcome by the "offer [of] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." Entm't Research Group, 122 F.3d at 1217. "[T]he statutory presumption of validity can be rebutted if the alleged infringer demonstrates that the plaintiff's work `is not original but copied from another's work.'" Id. at 1218 (quoting N. Coast Indus., 972 F.2d at 1033). "Originality is the indispensable prerequisite for copyrightability." N. Coast Indus., 972 F.2d at 1033. "`Original in reference to a copyright work means that the particular work owes its origin to the author. No large measure of novelty is required.'" Id. (quoting Alfred Bell & Co. v. Catalda Fine Arts, 191 F.2d 99, 102-03 (2d Cir. 1951) (quotation marks omitted)). "When a work displays a significant element of compilation, that element is [protectable] even though the individual components of the work may not be, for originality may be found in taking the commonplace and making it into a new combination or arrangement." United States v. Hamilton, 583 F.2d 448, 451 (9th Cir.1978) (citations omitted).
 
 
 22
 "The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work. . . ." 17 U.S.C. § 103(b); accord Entm't Research Group, 122 F.3d at 1220.
 
 
 23
 Section 101 of the Copyright Act states that sculptural works of artistic craftsmanship receive copyright protection only "insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article [ordinarily not copyrightable] . . . shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." Accordingly, any aspects . . . that are purely functional, utilitarian or mechanical, will not be given any copyright protection.
 
 
 24
 Id. at 1221 (quoting 17 U.S.C. § 101) (first alteration and omissions in original) (citing Fabrica, Inc. v. El Dorado Corp., 697 F.2d 890, 893 (9th Cir.1983)).
 
 
 25
 We held in Entertainment Research Group that when determining whether a sculpture contains sufficient originality to qualify for copyright protection "it makes no sense to include the utilitarian aspects" of the object in the analysis. 122 F.3d at 1221. Here, Lamps Plus has combined a preexisting ceiling-lamp assembly consisting of four discrete components with a preexisting table-lamp base. It made mechanical modifications that allow the shade assembly to function as a table-lamp. Lamps Plus's addition of clips to hold the metal filigree to the glass shade and modification of the light sockets so that they function in an inverted position are "mechanical or utilitarian." Therefore, these alterations cannot be considered in determining whether the Victorian Tiffany table lamp is sufficiently original to qualify for copyright protection. Id. at 1221-22. Additionally, whatever originality is contained in the component parts does not accrue to Lamps Plus. Id. at 1220; 17 U.S.C. § 103(b). Thus, for the Victorian Tiffany table lamp to be afforded copyright protection, sufficient originality must arise from the assemblage of its component parts.
 
 
 26
 A-Boy argues that "[t]he selection of relatively few preexisting works lacks sufficient creativity to warrant copyright protection." Appellees Brief at 21. It points out that Compendium II of Copyright Office Practices ¶ 307.01 (1984) states that "`[a]ny compilation consisting of less than four selections is considered to lack the requisite original authorship.'" Appellees Brief at 21 (quoting Copyright Office Practices ¶ 307.01). We have recently considered the question whether a work assembled from relatively few unprotectable elements can be copyrighted as a sculptural work, in Satava v. Lowry, 323 F.3d 805 (9th Cir.2003). Satava concerned the validity of a copyright protecting the designer's glass-in-glass jellyfish sculptures. Id. at 808-10. In Satava, we ruled as follows:
 
 
 27
 Our case law suggests, and we hold today, that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.
 
 
 28
 The combination of unprotectable elements in Satava's sculpture falls short of this standard. The selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form, considered together, lacks the quantum of originality needed to merit copyright protection.
 
 
 29
 Id. at 811 (internal citations omitted). Thus, we concluded in Satava that the combination of six unprotectable elements did not rise to the level of originality sufficient to merit copyright protection.
 
 
 30
 Lamps Plus's mechanical combination of four preexisting ceiling-lamp elements with a preexisting table-lamp base did not result in the expression of an original work of authorship as required by § 101. Lamps Plus did not create any of the "design . . . features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects" of any of the lamp's component parts. 17 U.S.C. § 101. But cf. Brandir Int'l, Inc. v. Cascade Pacific Lumber Co., 834 F.2d 1142, 1145 (2d Cir.1987) ("Conversely, where design elements can be identified as reflecting the designer's artistic judgment exercised independently of functional influences, conceptual separability exists."). The Victorian Tiffany table lamp "lacks the quantum of originality needed to merit copyright protection." Satava, 323 F.3d at 811. Lamps Plus is unable to survive the necessary first step of an infringement action because the copyright is invalid. Consequently, we do not reach the question whether the two lamps were substantially similar.
 
 III
 
 31
 A-Boy argues that the district court abused its discretion in denying its request for attorney's fees. In rejecting this request, the district court stated: "First and foremost, . . . [Lamps Plus's claim] was neither frivolous nor brought in bad faith." (Emphasis added).
 
 
 32
 In denying A-Boy's request for attorney's fees, the district court explained that A-Boy "prevailed on narrow grounds and not on the grounds . . . that the [copyright] was invalid and unenforceable." We have concluded that the copyright is invalid.
 
 
 33
 Because the proper basis for granting summary judgment in this matter is different from the one relied upon by the district court, we must vacate the order denying attorney's fees and remand so that the district court can determine whether the invalidity of the copyright affects "[f]aithfulness to the purposes of the Copyright Act." Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir.1996). In exercising its discretion regarding whether it should award attorney's fees, the district court should weigh the factors identified in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), and this court's decision in Fantasy, Inc., 94 F.3d at 557-59.
 
 CONCLUSION
 
 34
 We AFFIRM the district court's grant of summary judgment on the ground that Lamps Plus's copyright was invalid and the order remanding the state-law claims pursuant to § 1367(c)(3). We VACATE the order denying attorney's fees, and REMAND with instructions that the district court consider whether, in the exercise of its discretion, attorney's fees should be awarded to A-Boy in light of our decision that the copyright was invalid.
 
 
 
 Notes:
 
 
 [1]
 The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a). This court has jurisdiction pursuant to 28 U.S.C. § 1291
 
 
 [2]
 Section 101 states in pertinent part:
 A "compilation" is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term "compilation" includes collective works.
 . . . .
 A "derivative work" is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed or adapted.
 17 U.S.C. § 101 (2003).