**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1144**

———————

UNIVERSAL FURNITURE INTERNATIONAL,
INCORPORATED,

Plaintiff - Appellant,

versus

COLLEZIONE EUROPA USA, INCORPORATED,

Defendant - Appellee.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (1:04-cv-00977-FWB)

———————

Argued:  May 26, 2006              Decided:  August 29, 2006

———————

Before MICHAEL and KING, Circuit Judges, and Joseph F. ANDERSON,
Jr., Chief United States District Judge for the District of South
Carolina, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Adam Howard Charnes, KILPATRICK STOCKTON, L.L.P., Winston-
Salem, North Carolina, for Appellant.  Nicholas Mesiti, HESLIN,
ROTHENBERG, FARLEY & MESITI, P.C., Albany, New York, for Appellee.
**ON BRIEF:** George L. Little, Jr., William M. Bryner, KILPATRICK
STOCKTON, L.L.P., Winston-Salem, North Carolina; W. Swain Wood,
WOOD & CO., L.L.P., Raleigh, North Carolina, for Appellant.  Brett
M. Hutton, HESLIN, ROTHENBERG, FARLEY & MESITI, P.C., Albany, New
York, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This matter comes before the court on a limited review of the district court's denial of plaintiff's motion for preliminary injunction. On the facts presented on appeal, we find no error by the district court, and therefore, we affirm.

In this copyright infringement action, plaintiff Universal Furniture International, Inc. ("Universal") sought a preliminary injunction barring defendant Collezione Europa USA, Inc. ("Collezione") from promoting or selling two furniture lines that Universal contends violate its copyrights in its Grand Inheritance and English Manor collections. The district court, adopting the Report and Recommendation of the magistrate judge, denied Universal's motion for a preliminary injunction after concluding that Universal failed to show a probability of success on the merits.

I.

Universal and Collezione are competing furniture manufacturers with divergent business models: Universal develops high-end original furniture designs, whereas Collezione markets lower-cost models of existing designs. Universal's designer derived nearly all of the design elements of the Grand Inheritance and English Manor furniture collections from the public domain, using mainly eighteenth and nineteenth century designs. In 2003, Universal

3

obtained Certificates of Registration from the U.S. Copyright Office for these collections, which covered "decorative sculptural designs on furniture; adaptation of preexisting decorative designs; compilation of decorative designs on suites of furniture."

In October 2004, Universal discovered that Collezione's 20200 collection displayed pieces from Universal's English Manor collection. Collezione also showcased a 20000 collection that Universal claims was strikingly similar to its Grand Inheritance collection. Collezione concedes it intended to sell pieces substantially similar to Universal's two collections before becoming aware that the collections were copyrighted. To avoid a copyright infringement suit, Collezione agreed with Universal in late October 2004 not to develop or market its 20000 and 20200 collections. Thereafter, Collezione redesigned its 20000 and 20200 collections.

Settlement talks between the parties continued until March 2005, when Collezione began marketing its redesigned collections. Although Collezione's designer changed various sculptural features and design elements, Universal contends that the redesigned collections are still substantially similar to its copyrighted English Manor and Grand Inheritance collections. According to Universal's expert, Collezione made only modest changes that retained the "overall aesthetic impression of the Universal collections' ornamentation."

Universal filed suit and moved for a preliminary injunction barring Collezione's promotion and sale of the 20000 and 20200 collections. Collezione answered and opposed the motion.

The district court, in adopting the recommendation of the magistrate judge, denied Universal's motion for a preliminary injunction. The court determined that the balance of hardships stood in equipoise and that Universal, therefore, had to demonstrate a stronger probability of success than if the balance had tipped in its favor. Based on the sparse record available at the preliminary stage of litigation, the court concluded that the validity of Universal's copyrights was questionable, at least insofar as the copyrights concerned Universal's compilations of adapted public-domain designs. The court based its conclusion on the "conceptual separability" test, expressing doubt that the design compilations were conceptually separable from the furniture's utilitarian functions. The court found this doubt, combined with the sparsity of the record, counseled against granting the preliminary injunction and potentially enlarging the law of copyright protection beyond its intended borders. Universal then filed this interlocutory appeal challenging the district court's denial of its motion for a preliminary injunction.

We review the district court's denial of Universal's motion for a preliminary injunction for abuse of discretion. See Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 78 (4th Cir. 1989). A district court abuses its discretion "'by applying an incorrect preliminary injunction standard, by resting its decision on a clearly erroneous finding of a material fact, or by misapprehending the law with respect to [the] underlying issues in litigation.'" Id. (quoting Goldie's Bookstore, Inc. v. Superior Ct. of California, 739 F.2d 466, 470 (9th Cir. 1984)).

Section 502(a) of the Copyright Act, 17 U.S.C. § 502(a), authorizes a federal court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." In this circuit, a district court deciding a motion for preliminary injunction should consider four factors: (1) the plaintiff's likelihood of success on the merits of the underlying dispute; (2) the possibility of irreparable harm to the plaintiff if preliminary relief is denied; (3) the harm to the defendant if an injunction is issued; and (4) the public interest. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977). The factors are weighed on a sliding scale, with the two more important factors being those of irreparable injury to the plaintiff without a decree and of likely harm to the defendant with a decree. If the balance of harm is not shown to be in

plaintiff's favor, the importance of plaintiff's showing a likelihood of success on the merits increases.  Id. at 195.

Applying the Blackwelder standard, the district court found that the balance of hardships stood in equipoise, and that therefore, Universal had failed to show that the balance of harm tipped in its favor.  Consequently, the district court found that Universal had to demonstrate a probability of success by showing a clear and strong case.  Ultimately, the district court found that Universal could not meet this standard.

Registration of a copyright constitutes prima facie evidence of the validity of a copyright in any judicial proceeding brought within five years of the copyright's first publication.  17 U.S.C. § 410(c).  Universal contends that it was entitled to a presumption of irreparable harm based on its prima facie claim of copyright infringement.  See Serv. & Training, Inc. v. Data Gen. Corp., 963 F.2d 680, 690 (4th Cir. 1992).  To negate this prima facie claim, and its attendant presumption of irreparable harm, Collezione need only present some evidence that "casts doubt on the question" of copyright validity.  Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 505 n.1 (4th Cir. 1994); see also Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003).  The relative ease of this rebuttal is premised, in part, on the lack of attention that the Copyright Office generally gives applications for registration.  See, e.g., Carol Barnhart, Inc. v. Econ. Cover Corp.,

594 F. Supp. 364, 367 (E.D.N.Y. 1984) ("The Copyright Office's scrutiny of an article for registration is not like the intense and prolonged scrutiny required for patent and trademark registration. Elements of copyrightability are viewed as largely legal questions and therefore equally within the expertise of the courts.").

Under the Copyright Act ("Act"), "useful articles" as a whole, such as furniture, are not eligible for copyright protection, but individual design elements may be eligible only if, and only to the extent that they "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U.S.C. § 101. This test is known as the conceptual separability test.

Applying these standards, the district court found that Collezione presented sufficient rebuttal evidence to defeat Universal's prima facie claim of infringement, questioning both the originality and the conceptual separability of the registered works. The court found Universal was therefore not entitled to a presumption of irreparable harm. We agree.

A.

Universal originally argued that its compilations of adapted public domain designs meet the conceptual separability test. Under this analysis, Universal argues that a design compilation is

8

copyrightable so long as it is original, regardless of whether its constituent designs meet the conceptual separability test.

We find that the definition of compilation in 17 U.S.C. § 101 does not constitute a separate category eligible for copyright protection independently of Sections 102 and 103. A reading of sections 101 through 103 of the Act clarifies that "copyright protection subsists ... in original works of authorship ... [including] pictorial, graphic, and sculptural works," including compilations that meet the definition of "works of authorship." Therefore, a compilation of design elements on furniture is not copyrightable if it is not an original work conceptually separable from the useful article's functionality.

The court in Lamps Plus faced an analogous situation. In that case, the court held that plaintiff's "mechanical combination of four preexisting ceiling-lamp elements with a preexisting table-lamp base did not result in the expression of an original work." Lamps Plus, 345 F.3d at 1147. In declaring the lamp-compilation unprotectable, the court discussed both its lack of originality and its lack of conceptual separability. The court found that plaintiff's assembling of preexisting components did not create "an original work of authorship as required by § 101. [It] did not create any of the 'design . . . features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects' of any of the lamp's component parts." Id.

9

(quoting 17 U.S.C. § 101).  The court thereby incorporated the conceptual separability test into the originality test when assessing the copyrightability of the lamp as a sculptural compilation.

The cases cited by Universal to the contrary (e.g., Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991) and Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197 (9th Cir. 1989)) are inapposite because they involve compilations of literary works and data, not compilations of sculptural designs.


B.

Applying the conceptual separability test in the instant case, the magistrate judge expressed doubt that Universal's compilations are conceptually separable from the furniture they adorn.  For this reason, the magistrate judge concluded, and the district court held, that Universal failed to demonstrate the requisite likelihood of success on the merits, foreclosing a preliminary injunction at that early stage of litigation.  We agree with the lower court's conclusion.

As we explained in Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc., 74 F.3d 488 (4th Cir. 1996), the Act makes a critical distinction between a utilitarian object and a decorative sculptural object:

10

> [T]he industrial design of a unique, aesthetically pleasing chair cannot be separated from the chair's utilitarian function and, therefore, is not subject to copyright protection. But the design of a statue portraying a dancer, created merely for its expressive form, continues to be copyrightable even when it has been included as the base of a lamp which is utilitarian. The objective in designing a chair is to create a utilitarian object, albeit an aesthetically pleasing one; the objective in creating a statue of a dancer is to express the idea of a dancer.

Id. at 493 (citation omitted). Applying this analysis on the limited facts presented, we cannot say that the district court abused its discretion in finding Universal's design compilations not conceptually separable from the functional elements of the furniture. We agree with the district court that the furniture would almost certainly not be marketable to any significant segment of the community if it had no utilitarian use and only aesthetic qualities. See 1 Melville B. Nimmer and David Nimmer on Copyright § 2.08[B] (2006).

It is immaterial for our purposes that the district court erred by applying the inapplicable, and arguably more stringent, test of conceptual separability adapted from an Illinois district court and later reversed by the Seventh Circuit (i.e., whether the design compilations, once detached from the furniture, constitute "a work of art as traditionally conceived"). The record at this preliminary injunction stage supports a finding that Universal's compilations would not satisfy the Superior Form Builders test previously set forth by this court that the design must reflect the "designer's

11

artistic judgment exercised independently of functional influences." Superior Form Builders, 74 F.3d at 494 (quoting Brandir Int'l, Inc. v. Cascade Pac. Lumber Co., 834 F.2d 1142, 1145 (2d Cir. 1987)).

By affirming on the basis of Superior Form Builders, we do not intend to categorically exclude Universal's and other comparable design compilations from copyright protection. Rather, we affirm on the failure of appellant to demonstrate the district court abused its discretion in denying a preliminary injunction based on the uncertainty that these compilations are in fact copyrightable, owing to the lack of controlling case law and the sparsity of the record. It is our opinion that granting Universal's motion would potentially enlarge the law of copyright beyond its intended borders by extending copyright protection to two entire furniture collections based on their "ornate, opulent" look alone.

C.

Universal next argues that the district court erred by not considering the copyrightability of individual design elements. The copyright registrations for both the English Manor and Grand Inheritance collections encompassed the compilations and the individual elements comprising these compilations, whether original elements or elements adapted from the public domain.

12

Initially, we note that Universal's failure to object to the magistrate judge's report as to the copyrightability of individual design elements likely renders its argument waived. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). Aside from the waiver, however, we conclude that the district court did not abuse its discretion by considering only the copyrightability of the compilations. Universal consistently framed its case as a compilations-only case in seeking an injunction covering two entire furniture collections, not just individual design elements on those collections.

Had the district court evaluated the constituent elements, it would almost certainly have reached the identical decision on the same basic reasoning. Universal cannot show on this sparse record the requisite likelihood of success necessary for the broad preliminary injunction.

D.

The district court properly declined to consider whether Collezione substantially copied Universal's two collections. The two elements of copyright infringement are: (1) ownership of a valid copyright by the party complaining of infringement, and (2) unauthorized copying of the protected work by the infringing party. See Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th

13

Cir. 1988). Based on the record, we cannot say that the district court abused its discretion in finding that Universal was not able to demonstrate it had valid copyrights. Without valid copyrights, Universal cannot prevail on its infringement claims, no matter how closely Collezione copied its two collections.

E.

Universal contends that the district court erred by finding the balance of hardships "in equipoise," and on this basis requiring Universal to show a strong likelihood of success. We find the district court did not err in its analysis of the respective harms that the parties would suffer in the context of a preliminary injunction motion.

The district court found that in addition to lost sales, Universal showed an immediate threat of irreparable injury to its reputation and customer relations due to impending sales of Collezione's allegedly similar, but cheaper furniture. Similarly, the district court found that if Collezione were enjoined from selling its 20000 and 20200 collections, it would be required to cancel or recall all of its outstanding orders, which would injure its reputation and customer relations and would likely subject it to claims by its suppliers for noncompleted sales. In noting the factual similarity to <u>Magnussen Furniture, Inc. v. Collezione</u>

14

Europa USA, Inc., 116 F.3d 472 (4th Cir. 1997)(unpublished opinion), the district court found the balance of hardships between the parties to be equal.  We cannot say that the district court erred in its analysis on this issue.


                         III.

     Based on the record at this preliminary stage of the litigation, we find the district court did not abuse its discretion in denying Universal's motion for a preliminary injunction.

                                              AFFIRMED

15