**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED FABRICS INTERNATIONAL,
INC., a California Corporation,
        *Plaintiff-Appellant,*

        v.

C&J WEAR, INC., a California
Corporation individually and doing
business as "Justified"; S-TWELVE,
a Business Entity of Form
Unknown; WEAR WELL KNIT
CORPORATION, a Tennessee
Corporation; GROOVE THEORY, a
Business Entity of Form
Unknown,
        *Defendants,*

        and

MACY'S, INC. an Ohio Corporation
Erroneously Sued As Macy's
Retail Holdings, Inc.; A. R. B.
INC., a New York Corporation;
LUCKY KIM INTERNATIONAL, INC., a
California Corporation,
        *Defendants-Appellees.*

No. 09-56499

D.C. No.
2:08-cv-01085-JVS-
AJW

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
November 2, 2010—Pasadena, California

Filed January 26, 2011

Before: J. Clifford Wallace and Susan P. Graber,
Circuit Judges, and Richard Mills, Senior District Judge.*

Opinion by Judge Wallace

*The Honorable Richard Mills, Senior District Judge for the Central
District of Illinois, sitting by designation.

---

**COUNSEL**

Scott A. Burroughs (argued) and Stephen M. Doniger, of Doniger/Burroughs APC, Culver City, California, for plaintiff-appellant United Fabrics International, Inc.

Mark L. Eisenhut, Melinda Evans, and Scott P. Shaw (argued), of Call & Jensen, P.C., Newport Beach, California, for defendants-appellees Macy's Retail Holdings, Inc. and A.R.B., Inc.

---

**OPINION**

WALLACE, Senior Circuit Judge:

United Fabrics International, Inc. (United) holds a copyright to a collection of fabric designs entitled "Ethnic Collec-

tion X." One of the fabric designs within that collection (the Design), and the collection itself, are the focus of this appeal.

United sued C&J Wear, Inc., Lucky Kim International, Inc. and Macy's, Inc. (collectively, Macy's) for infringing its copyright in the Design. United alleged that Macy's sold copyright-infringing fabric and garments. United's action made it as far as the summary judgment phase, at which point the district court dismissed the case *sua sponte*, concluding that United lacked standing to pursue its copyright claims. The district court ruled that United failed to establish an element that is crucial to all copyright infringement actions: ownership of a valid copyright. According to United, it purchased a fabric design from an Italian design house, Contromoda, through an agent, Sergio Giacomel. United then modified the purchased design and registered it as part of Ethnic Collection X. The district court held that the evidence of the transfer of the source artwork from Contromoda to United was insufficient to establish ownership of the underlying design and, for that reason, dismissed the action: "United has not clearly established the chain of title giving it rights in the source artwork and, in turn, the subject matter that was derived from it. United therefore lacks standing." The district court also held that United's copyright registration was invalid because United failed to publish its fabric designs concurrently, a requirement of a published single-work copyright that consists of a collection of works.

United appeals the district court's order dismissing this case. We have jurisdiction pursuant to 28 U.S.C. § 1331. We review de novo the district court's dismissal for lack of standing, *Rattlesnake Coalition v. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007), and we reverse.

## I.

[1] A copyright registration is "prima facie evidence of the validity of the copyright and the facts stated in the certifi-

cate." 17 U.S.C. § 410(c); *see also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989). Macy's therefore has the burden of rebutting the facts set forth in the copyright certificate. *S.O.S.*, 886 F.2d at 1085-86 (explaining that section 410(c)'s presumption shifts the burden of coming forward with evidence to the defendant); *see also Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003). " 'To rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement.' " *Lamps Plus, Inc.*, 345 F.3d at 1144, *quoting Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

**[2]** Macy's argues that United failed to establish the chain of title to the underlying artwork and therefore does not have a valid copyright. But Macy's skips a step; nowhere does it set forth facts that rebut the presumption of validity to which United's copyright is entitled, and Macy's does not even argue that it has rebutted that presumption. The district court's ruling suffers from the same defect. Although such evidence may be present in the lengthy and extensive record, it is not our place to find it, *see Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988), or to provide an argument on behalf of Macy's as to how that evidence rebuts the presumption of validity, *see Renderos v. Ryan*, 469 F.3d 788, 800 (9th Cir. 2006), *citing Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992); Fed. R. App. P. 28(b).

It is true that, at oral argument, counsel for Macy's asserted that it had rebutted the presumption of copyright validity. But, when we asked Macy's attorney to identify evidence in the record sufficient to rebut the presumption of copyright validity, he merely argued, *inter alia*, that a United representative testified at a deposition that its designs "were not published as a true collection" and that "there is also no evidence that [these designs] met the requirements of an unpublished collection." Counsel also asserted that Macy's introduced evi-

dence "that the transfer was completely invalid," but to support this assertion, he did nothing more than contend that United failed to provide evidence of the transfer. By repeatedly mentioning that United provided "no evidence," we are skeptical that Macy's understands that it bears the burden of providing "some evidence" of invalidity. Regardless, Macy's cites no authority that such facts rebut the presumption of copyright validity.

**[3]** Thus, Macy's does not get very far with its argument that United's copyright is invalid because "[United] did not produce any evidence that the person who assigned the [D]esign was a 'duly authorized agent.' " United did not have to produce any evidence. As the copyright claimant, United is presumed to own a valid copyright, 17 U.S.C. § 410(c), and the facts stated therein, including the chain of title in the source artwork, are entitled to the presumption of truth. 3 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 12.1 [C] (2005). By failing to point to any evidence indicating that the copyright was invalid, *see, e.g.*, *Lamps Plus*, 345 F.3d at 1144, Macy's has failed to rebut the presumption.

**[4]** The district court similarly ignored the statutory presumption of copyright validity when it reasoned that "[t]he burden to show standing is not a mere pleading requirement, but rather an indispensable part of the plaintiff's case." No cases were cited to us, and we are not aware of any authority, stating that the presumption of validity of a copyright does not apply when standing is at issue. Indeed, such cases do not exist because this rule would render 17 U.S.C. § 410(c)'s presumption of copyright validity meaningless.

**[5]** Of course, our conclusion that United is presumed to own a valid copyright of the Design is not tantamount to holding that United in fact owns a valid copyright. That issue may still need to be resolved as this case moves forward. Nevertheless, at this stage of the litigation, United has satisfied its burden of proof to establish standing by introducing its copy-

rights. *See Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) ("The plaintiff bears the burden of proof to establish standing with the manner and degree of evidence required at the successive stages of the litigation" (internal quotation marks omitted)). Because of our holding, we need not discuss United's argument that the district court's *sua sponte* dismissal of its claim violated its due process rights, or its argument that Macy's did not have standing to challenge the transfer of rights in the Design.

## II.

**[6]** The presumption-of-validity analysis likewise applies to the argument, pressed by Macy's, that the Design was not deposited with the United States Copyright Office. Macy's contends that "[United] bore the burden of proving that it complied with the Copyright Act in order to have standing to sue or seek damages or attorney fees." Again, Macy's skips a step. It needs first to rebut the presumption of copyright validity with "some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement," *see Lamps Plus*, 345 F.3d at 1145 (internal quotation marks omitted), before it can shift the burden. Because Macy's did not offer such proof, its insufficient-deposit argument must fail, at least at this juncture of the litigation. *See, e.g.*, *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997) (challenge to deposit with Copyright Office did not defeat presumption of validity).

## III.

**[7]** The district court also dismissed United's action because United failed to register its collection of fabric designs in a single copyright. When one registers a collection of works in a single copyright, it can be registered either as a "published" or an "unpublished" collection. 37 C.F.R. § 202.3(b)(4). A necessary element of a published-collection copyright is that the collection is sold, distributed or offered for sale concurrently. *Id.*; 17 U.S.C. § 101. For an unpub-

lished collection, there is no such requirement. *See* 37 C.F.R. § 202.3(b)(4)(i)(B).

United contends that it registered its collection of fabric designs as an unpublished collection of works. The definition of this type of copyright registration is:

> [T]he following shall be considered a single work:
> . . .
>
> (B) In the case of unpublished works: all copyrightable elements that are otherwise recognizable as self-contained works, and are combined in a single unpublished "collection." For these purposes, a combination of such elements shall be considered a "collection" if:
>
> (1) The elements are assembled in an orderly form;
>
> (2) The combined elements bear a single title identifying the collection as a whole;
>
> (3) The copyright claimant in all of the elements, and in the collection as a whole, is the same; and
>
> (4) All of the elements are by the same author, or, if they are by different authors, at least one of the authors has contributed copyrightable authorship to each element.
>
> Registration of an unpublished "collection" extends to each copyrightable element in the collection and to the authorship, if any, involved in selecting and assembling the collection.

37 C.F.R. § 202.3(b)(4).

**[8]** Very few cases have considered the unpublished-collection-of-works category of copyright registrations. One

case that did is *Szabo v. Errisson*, 68 F.3d 940 (5th Cir. 1995), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010). There, the copyright claimant registered a single unpublished collection of works entitled "Scott Szabo's Songs of 1991." *Id.* at 941. In a footnote, the Fifth Circuit explained that " 'Scott Szabo's Songs of 1991' satisfies [the unpublished single-work] requirements because it was assembled in an orderly form with a single title identifying the collection as a whole, and Szabo is the sole author and copyright claimant of the individual songs in the collection." *Id.* at 941 n.1. We agree with the Fifth Circuit's approach, which is consistent with the text of section 202.3(b)(4). Because it appears Ethnic Collection X meets the criteria set forth in section 202.3(b)(4), we conclude, at this stage of the litigation, that United has registered a valid copyright in an unpublished collection of works.

## IV.

**[9]** Finally, Macy's argues that United's copyright is invalid because it submitted a copyright application that did not list the Design as a derivative work. This argument cannot be accepted because, in the absence of fraud on the Copyright Office, such errors are not cause for invalidation. *See, e.g.*, *Lamps Plus*, 345 F.3d at 1145 ("inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless . . . the claimant intended to defraud the Copyright Office by making the misstatement" (internal quotation marks omitted)). Because Macy's has not shown fraud on the Copyright Office, its argument on this issue fails.

**REVERSED AND REMANDED.**