FILED

JAN 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> AEROPOSTALE, INC., a Delaware Corporation; MS. BUBBLES, INC., a California Corporation, <br><br> Defendants - Appellees. | No. 10-56149 <br><br> D.C. No. 2:08-cv-07085-DDP-E <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted December 5, 2011
Pasadena, California

Before: D.W. NELSON, GOULD, and IKUTA, Circuit Judges.

L.A. Printex Industries, Inc. ("L.A. Printex") appeals the district court's

summary judgment order in favor of Aeropostale, Inc. and Ms. Bubbles, Inc.

("Defendants") in L.A. Printex's action for copyright infringement. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291. Because there is a genuine dispute of material fact related to the validity of L.A. Printex's copyright registration, we reverse and remand.

We review the district court's grant of summary judgment de novo. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Ellison*, 357 F.3d at 1075.

The district court erred when it granted summary judgment for Defendants on the ground that L.A. Printex did not produce sufficient evidence to create a genuine issue of material fact on its compliance with the Copyright Act's registration requirement. *See* 17 U.S.C. § 411(a). Concluding that there was "no evidence" in the record that the designs in Geometric (Group 04) "were offered to [L.A. Printex]'s customers, for the first time, as a collection, in December of 2005," the district court held that L.A. Printex could not prove at trial that it had a valid copyright registration in G70132. *See* 37 C.F.R. § 202.3(b)(4)(i)(A) (requiring that multiple works registered as a single published work be "included in a single unit of publication"). But a certificate of registration is "prima facie

evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Here, L.A. Printex's certificate of registration for Geometric (Group 04) explicitly states that the work was first published on December 7, 2005. Moreover, L.A. Printex's president, Jae Nah, gave deposition testimony that L.A. Printex's general business practice is to offer for sale together designs in groups such as Geometric (Group 04), and in a declaration Nah stated that "G70132 was duly registered with the United States Copyright Office on December 19, 2005 as part of a group of designs published together." "The offering to distribute copies [of a work] . . . to a group of persons for purposes of further distribution . . . constitutes publication" under the Copyright Act. 17 U.S.C. § 101. Viewing the evidence in the light most favorable to L.A. Printex, we conclude that the record contains at least some evidence that L.A. Printex first published the collection of designs as a single unit.

Though a copyright infringement defendant can rebut § 410(c)'s presumption of validity at the summary judgment stage, we conclude that Defendants did not do so here. *Cf. Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997). The district court reasoned that Defendants had produced "some evidence" to rebut the presumption of single unit publication attaching to the certificate of registration. The district court cited

3

Nah's declaration statement that "[b]y February of 2006, L.A. Printex began offering G70132 extensively to its customers," and sales records of G70132 starting in February of 2006, as evidence that L.A. Printex published G70132 separately from the other twelve designs in Geometric (Group 04).

L.A. Printex contends that its separate sales of G70132 beginning in February of 2006 are not inconsistent with its concurrent offering for sale of the Geometric (Group 04) collection in December of 2005. We agree. That L.A. Printex first sold G70132 in February of 2006 does not conclusively establish that L.A. Printex did not first publish G70132 and the other twelve designs together before that date, by offering samples for sale to its customers. A reasonable juror could believe that L.A. Printex, per its general business practice and the statement on the certificate of registration, in fact first offered the collection for sale on December 7, 2005. In our view, L.A. Printex did not have to submit additional evidence to survive summary judgment. *Cf. United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257–58 (9th Cir. 2011). Because the issue of single unit publication—and hence valid registration—"could reasonably be resolved in favor of either party," on the current record, there is a genuine dispute of material

4

fact that a jury should decide. *Ellison*, 357 F.3d at 1075. Accordingly, we reverse

and remand for trial.[1]

**REVERSED and REMANDED.**

---

[1] Defendants' other arguments are not persuasive. Because L.A. Printex offered G70132 for sale on paper as well as fabric, deposit of a paper copy of the design "sufficient to show all elements of the work in which copyright is claimed" satisfies the Copyright Act's deposit requirement. *See* 37 C.F.R. § 202.20(c)(2)(x); *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000). Further, the Adobe End User License Agreement does not prohibit L.A. Printex from claiming copyright ownership of a derivative work based on Photoshop clip art. Finally, dismissal of the case due to any omission from the excerpts of record is not warranted.