FILED

**NOT FOR PUBLICATION**

SEP 13 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MALIBU TEXTILES, INC., a New York corporation, | No. 14-56635 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-04054-R-MAN |
| v. | |
| LABEL LANE INTERNATIONAL, INC., a California corporation, and ENTRY, INC., dba ALT B., a California corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted September 1, 2016
Pasadena, California

Before: SILVERMAN, IKUTA, and WATFORD, Circuit Judges.

The district court erred by granting the defendants' motion to dismiss with

prejudice. Although Malibu did not plead sufficient facts to state a claim for

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

copyright infringement, the district court abused its discretion by denying Malibu the opportunity to amend its complaint. Dismissal with prejudice is appropriate only if the complaint "could not be saved by any amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Here, that is not the case.

To state a claim for copyright infringement, Malibu had to allege facts plausibly showing that the defendants copied the protected elements in Malibu's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). A plaintiff may satisfy this element by showing either that the two works in question are strikingly similar, or by showing that they are substantially similar and that the defendant had access to the plaintiff's work. *Id.* at 481, 485. In the absence of direct evidence of access, a plaintiff can show that a chain of events linked the protected work to the defendant, or that the work had been widely disseminated. *Id.* at 482. Malibu's complaint did not adequately allege copying of a protected work under any of these theories.

However, Malibu potentially could have amended its complaint to cure this deficiency in several ways. To allege striking or substantial similarity, Malibu could have described the pattern's protectible elements—such as the selection, coordination, and arrangement of flowers, leaves, and branches—and identified those same elements in the defendants' patterns, perhaps with reference to photos

showing a side-by-side comparison of the works. *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850 (9th Cir. 2012). Although Malibu's first amended complaint described the arrangement of elements that was allegedly incorporated into defendants' product, and alleged that the layout and arrangement of the two products were substantially similar or virtually identical, the complaint did not provide photos that clearly showed these similarities and did not describe the arrangement of the elements with sufficient specificity. And to allege access, Malibu could have pleaded facts showing a chain of events that linked the protected pattern with the allegedly infringing patterns, or provided sales figures accompanied by dates and geographic distribution information plausibly showing access via widespread dissemination. Because these allegations could cure the complaint's deficiencies, the district court's conclusion that amendment would be futile was incorrect.

The district court also relied incorrectly on *Satava v. Lowry*, 323 F.3d 805, 813 (9th Cir. 2003), in holding that Malibu failed to allege that any protectible elements were substantially similar in both works. Stylized fabric designs featuring floral elements are entitled to broad copyright protection under *L.A. Printex*, 676 F.3d at 850 n.4, 851. Even if some of the elements in Malibu's pattern were not protectible on their own, copyright protection extends to the

"[o]riginal selection, coordination, and arrangement of unprotectible elements."

*Id.* at 849.  The district court should have considered these aspects of the pattern in its analysis of protected elements.

**REVERSED and REMANDED.**