**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALIBU TEXTILES, INC., a New York corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> H&M HENNES & MAURITZ, L.P., a New York limited partnership, <br><br> Defendant-Appellee. | No.  14-56203 <br><br> D.C. No. 2:14-cv-01018-R-E <br><br> MEMORANDUM* |
| MALIBU TEXTILES, INC., a New York corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> H&M HENNES & MAURITZ, L.P., a New York limited partnership, <br><br> Defendant-Appellant. | No.  14-56253 <br><br> D.C. No. 2:14-cv-01018-R-E |

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted September 1, 2016
Pasadena, California

Before: SILVERMAN, IKUTA, and WATFORD, Circuit Judges.

**1.** The district court erred by granting H&M's motion to dismiss with prejudice. Although Malibu did not plead sufficient facts to state a claim for copyright infringement, the district court abused its discretion by denying Malibu the opportunity to amend its complaint. Dismissal with prejudice is appropriate only if the complaint "could not be saved by any amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Here, that is not the case.

To state a claim for copyright infringement, Malibu first had to allege facts plausibly showing ownership of a valid copyright. *See Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir. 1977). The district court held that Malibu failed to plausibly allege ownership because it did not include a copyright registration number in its complaint. Assuming for the sake of argument that the registration number must be pleaded in the complaint, Malibu's failure to do so cannot be deemed fatal. Malibu could of course have amended the complaint to include the copyright registration number.

Malibu next had to allege facts plausibly showing that H&M copied the protected elements in Malibu's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). A plaintiff may satisfy this element by showing either that the two works in question are strikingly similar, or by showing that they are substantially similar and that the defendant had access to the plaintiff's work. *Id.* at 481, 485. In the absence of direct evidence of access, a plaintiff can show that a chain of events linked the protected work to the defendant, or that the work had been widely disseminated. *Id.* at 482. Malibu's complaint did not adequately allege copying of a protected work under any of these theories.

However, Malibu potentially could have amended its complaint to cure this deficiency in several ways. To allege striking or substantial similarity, Malibu could have described the pattern's protectible elements—such as the selection, coordination, and arrangement of flowers, leaves, and branches—and identified those same elements in H&M's garment, perhaps with reference to photos showing a side-by-side comparison of the works. *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850 (9th Cir. 2012). To allege access, Malibu could have pleaded facts showing a chain of events that linked the pattern with H&M, or provided sales figures accompanied by dates and geographic distribution information plausibly showing access via widespread dissemination. Because

these allegations could cure the complaint's deficiencies, the district court's conclusion that amendment would be futile was incorrect.

**2.** We affirm the district court's denial of H&M's motion for attorney's fees. Because H&M is no longer a prevailing party at this stage of the litigation, it is not eligible for attorney's fees under 17 U.S.C. § 505. *See Electro Source, LLC v. Brandess-Kalt-Aetna Group, Inc.*, 458 F.3d 931, 941 (9th Cir. 2006).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

The parties shall bear their own costs on appeal.