**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALIBU TEXTILES, INC., a New York corporation, *Plaintiff-Appellant*, v. LABEL LANE INTERNATIONAL, INC., a California Corporation; ENTRY, INC., DBA ALT B., a California Corporation, *Defendants-Appellees.* | No. 17-55983 D.C. No. 2:14-cv-04054-R-MAN |
| MALIBU TEXTILES, INC., a New York corporation, *Plaintiff-Appellant*, v. H&M HENNES & MAURITZ, L.P., a New York limited partnership, *Defendant-Appellee.* | No. 17-55984 D.C. No. 2:14-cv-01018-R-E |

| | |
|---|---|
| MALIBU TEXTILES, INC., a New York corporation, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> H&M HENNES & MAURITZ, L.P., a New York limited partnership, <br> *Defendant-Appellant.* | No. 17-56531 <br><br> D.C. No. 2:14-cv-01018-R-E <br><br><br> OPINION |

Appeals from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 7, 2019
Pasadena, California

Filed April 24, 2019

Before:  A. Wallace Tashima and Paul J. Watford, Circuit
Judges, and Jack Zouhary,* District Judge.

Opinion by Judge Zouhary

---

* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

# SUMMARY[**]

## Copyright

The panel reversed the district court's dismissal of two copyright infringement actions, dismissed a cross-appeal regarding attorney fees as moot, and remanded.

Malibu Textiles claimed that defendants infringed its copyrights for two floral lace designs. The panel held that, on remand following prior appeal, Malibu sufficiently alleged ownership of valid, registered copyrights. Malibu also successfully pled striking similarity between its designs and defendants' designs. The panel further held that the district court abused its discretion in denying Malibu leave to amend its allegations of access for a theory of substantial similarity.

The panel dismissed as moot one defendant's cross-appeal from the district court's denial of its motion for attorney fees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Stephen Doniger (argued), Frank Gregory Casella, and Scott A. Burroughs, Doniger/Burroughs APC, Venice, California, for Plaintiff-Appellant.

Neal J. Gauger (argued) and Staci Jennifer Riordan, Nixon Peabody LLP, Los Angeles, California, for Defendants-Appellees.

## OPINION

ZOUHARY, District Judge:

### INTRODUCTION

Five years ago, Plaintiff-Appellant Malibu Textiles filed these copyright infringement lawsuits against Defendants-Appellees Label Lane International, Entry, and H&M Hennes & Mauritz (collectively, "Defendants"), accusing them of illegally copying Malibu's lace designs. And for five years, these cases have languished at the pleading stage. The cases are now before this Court for a second time, after the district court again denied leave to amend and dismissed with prejudice. We again reverse and remand.

### BACKGROUND

In 2014, Malibu sued Defendants for copyright infringement. Malibu alleges it owns copyrights for two lace designs, consisting of flowers, vines, leaves, and other elements arranged in a pattern. Malibu refers to these two designs collectively as the Subject Work and alleges Defendants infringed on both.

The first appeal came after the district court dismissed the cases with prejudice for failure to state a claim. This Court reversed, stating that "[d]ismissal with prejudice is appropriate only if the complaint 'could not be saved by any amendment.'" *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 668 F. App'x 803, 803 (9th Cir. 2016) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)); *Malibu Textiles, Inc. v. H&M Hennes & Mauritz, L.P.*, 668 F. App'x 800, 801 (9th Cir. 2016) (same). This Court concluded that Malibu could fix its Complaints by adding more allegations of similarity between the Subject Work and Defendants' works and how Defendants had access to the Subject Work. *Label Lane*, 668 F. App'x at 803–04; *H&M*, 668 F. App'x at 801.

On remand, Malibu filed new Complaints[1] with additional similarity allegations, including side-by-side photos of the Subject Work and Defendants' works. But the Malibu attorneys mistakenly omitted new access allegations. When they realized their error, the parties filed a joint stipulation seeking leave to file amended versions of the post-remand Complaints. Malibu included a declaration explaining the mistake and provided the district court with redlined copies of the new Complaints with the missing access allegations. In a one-sentence, handwritten order, the district court denied leave to amend: "Denied[,] no good cause is shown."

Defendants again moved to dismiss, and the district court again dismissed with prejudice. The district court determined that most of the similarities between Malibu's designs and Defendants' designs consisted of non-

---

[1] In the *Label Lane* case, Malibu filed its Second Amended Complaint. In the *H&M* case, Malibu filed its First Amended Complaint.

protectable elements, such as "the natural appearance of a Bengal Clockvine flower." The district court identified differences in the side-by-side images, concluding that the designs were not strikingly similar. The district court further held that Malibu failed to plausibly allege access, without mentioning whether the proposed amendments would have cured this deficiency. H&M moved for attorney fees, which the district court denied. These appeals followed.

## DISCUSSION

This Court reviews dismissals under Federal Civil Rule 12(b)(6) de novo, accepting the plaintiff's allegations as true and construing them in the light most favorable to the plaintiff. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). At this stage, a complaint's factual allegations need not be detailed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). They "must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 555, 570.

To state a claim for copyright infringement, Malibu "must plausibly allege two things: (1) that [it] owns a valid copyright in [the Subject Work], and (2) that [Defendants] copied protected aspects of [the Subject Work]'s expression." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116–17 (9th Cir. 2018).

### Ownership

Although the district court based its decision on the copying element, Defendants argue this Court should affirm because Malibu failed to allege ownership of a registered copyright in the Subject Work. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005) ("This court can affirm the district court's dismissal

on any ground supported by the record, even if the district court did not rely on the ground."). To plead ownership, Malibu must plausibly allege it owns a valid copyright registration for its work. *See Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017) ("[Plaintiff] was required to show registration as an element of an infringement claim."); *see also Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("[A]lthough an owner's rights exist apart from registration, registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.") (citations omitted).

Malibu alleges it owns "two original two-dimensional artworks"—Designs 1967 and 1717—which are registered with the United States Copyright Office under numbers VA 1-159-155 and VA9230008. But Defendants argue that Malibu's case is not based upon either of these copyrights, but rather upon some third work called the "Subject Work."

Defendants mischaracterize Malibu's allegations. According to Malibu, Design 1967 derives from Design 1717. The designs are "essentially the same artwork" with only "slight variations" due to differences in the machinery used in production. The post-remand Complaints allege that Malibu owns valid, registered copyrights in both Design 1967 and Design 1717, and that the infringement action is based on the original artistic expression owned by Malibu and reflected in both designs. Malibu is entitled to protect all components of that artistic expression—both derivative and original. *See DC Comics v. Towle*, 802 F.3d 1012, 1023–25 (9th Cir. 2015). Malibu plausibly alleges it owns registered copyrights for the artwork in Designs 1967 and 1717; its use of a shorthand label for that artwork does not change that fact.

And contrary to Defendants' assertions, Malibu was not required to include images of Design 1717, a complete deposit of Design 1967, or registration materials for either Design in the Complaints to plausibly allege ownership. *See Rentmeester*, 883 F.3d at 1117–18. As for Defendants' arguments about their foreign copyright registrations, those defenses are better suited for summary judgment. At the pleading stage, Malibu successfully alleged ownership of valid, registered copyrights.

**Copying**

To allege actionable copying, Malibu was required to plead facts plausibly showing either (1) "that the two works in question are strikingly similar," or (2) "that [the works] are substantially similar and that [Defendants] had access to the [Subject Work]." *Label Lane*, 668 F. App'x at 803 (citing *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481, 485 (9th Cir. 2000)); *H&M*, 668 F. App'x at 801 (same). Where two works are strikingly similar, access may be inferred. *Unicolors*, 853 F.3d at 987–88; *see also Rentmeester*, 883 F.3d at 1124 ("[I]f the similarities are 'striking' enough . . . such similarities can be sufficient on their own to establish that the defendant must have had access to the plaintiff's work."). Thus, a plaintiff must separately plead access only when alleging substantial similarity, not when alleging striking similarity. *See, e.g.*, *Three Boys Music*, 212 F.3d at 485; *Baxter v. MCA, Inc.*, 812 F.2d 421, 423–24 & n.2 (9th Cir. 1987); *see also Astor-White v. Strong*, 733 F. App'x 407, 407 (9th Cir. 2018).

"In assessing whether particular works are substantially similar, or strikingly similar, this Circuit applies a two-part analysis: the extrinsic test and the intrinsic test." *Unicolors*, 853 F.3d at 985. At the pleading stage, this Court considers only the extrinsic test. *See Williams v. Gaye*, 895 F.3d 1106,

1119 (9th Cir. 2018).  The extrinsic test "is an objective comparison of specific expressive elements; it focuses on the articulable similarities between the two works." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 848 (9th Cir. 2012) (internal quotation marks and citation omitted).  The extrinsic test consists of two steps.

### *Step 1: Protectable Elements*

First, the reviewing court "must 'filter out' the unprotectable elements of the plaintiff's work," *Rentmeester*, 883 F.3d at 1118 (citation omitted), and determine the breadth of copyright protection for the protectable elements, *id.* at 1120.  Although certain elements—like elements found in nature—may not be protectable individually, "[o]riginal selection, coordination, and arrangement" of unprotectable elements may be protectable expression.  *L.A. Printex*, 676 F.3d at 849.  A combination of unprotectable elements is eligible for copyright protection "if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003).

For protectable elements, this Court "distinguishe[s] between 'broad' and 'thin' copyright protection based on the 'range of expression' involved." *Williams*, 895 F.3d at 1120 (quoting *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010)).  "[T]he greater the range of creative choices that may be made, the broader the level of protection that will be afforded to the resulting [work]." *Rentmeester*, 883 F.3d at 1120.  "We review de novo the district court's determination as to the scope of copyright protection." *Mattel*, 616 F.3d at 914 (citation omitted).

Here, although copyright law does not protect the natural appearance of a Bengal Clockvine flower, *see Satava*, 323 F.3d at 813, it does protect the original "selection, coordination, and arrangement" of floral elements in a lace pattern, *Label Lane*, 668 F. App'x at 803 (citing *L.A. Printex*, 676 F.3d at 850); *H&M*, 668 F. App'x at 801 (same). The Subject Work's copyright protection is broad—not thin—because there is "'a wide range of expression' for selecting, coordinating, and arranging floral elements in stylized fabric designs." *L.A. Printex*, 676 F.3d at 850 (citation omitted). After all, "there are gazillions of ways to combine petals, buds, stems, leaves, and colors in floral designs on fabric." *Id.* at 850–51 (internal quotation marks and citation omitted).

### *Step 2: Similarity Comparison*

Second, the "protectable elements that remain are then compared to corresponding elements of the defendant's work to assess similarities in the objective details of the works." *Rentmeester*, 883 F.3d at 1118. "We do not have a well-defined standard for assessing when similarity in selection and arrangement becomes 'substantial'" or striking, "and in truth no hard-and-fast rule could be devised to guide determinations that will necessarily turn on the unique facts of each case." *Id.* at 1121. "In comparing fabric designs, we examine the similarities in their objective details in appearance, including, but not limited to, the subject matter, shapes, colors, materials, and arrangement of the representations." *L.A. Printex*, 676 F.3d at 849 (internal quotation marks and citation omitted).

*Striking Similarity.* The first question is whether Malibu pled striking similarity, which would obviate the need to plead access. Two works are strikingly similar when the similarities between them are so great that they are "highly

unlikely to have been the product of independent creation." *Rentmeester*, 883 F.3d at 1124.

Here, the similarities between the lace patterns go well beyond their mutual inclusion of the Bengal Clockvine flower. The works contain nearly identical floral, leaf, boteh, and dot elements, and those elements are arranged in virtually the same way. The post-remand Complaints state that the patterns are "identically arranged" and that the elements "are arranged exactly the same in relation to each other." They describe, in detail, some of the similarities between the patterns. And most importantly, they provide side-by-side pictures that make the similarities apparent. *See* Appendix, *infra*.

To be sure, the pictures do show some minor differences between the Subject Work and Defendants' works, such as in color, netting, and shape curvature. "But a rational jury could find that these differences result from the fabric-printing process generally and are 'inconsequential,' or could credit [Malibu]'s assertion that these differences result in part from 'print[ing] using cruder, lower-quality techniques and machinery.'" *L.A. Printex*, 676 F.3d at 851 (second alteration in original) (citations omitted). Alternatively, a jury could find these to be knowing modifications, which could be evidence of willful copying. *See Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir. 1969) (per curiam) ("While the trial court placed great emphasis on the minor differences between the two patterns, we feel that the very nature of these differences only tends to emphasize the extent to which the defendant has deliberately copied from the plaintiff.").

As for the differences pointed out by the district court in its dismissal order, those appear to result from the cropping and angle of the images rather than any real differences in

the designs.  And to the extent Defendants contend the similarities are "required by the medium of lace" and are merely "functional choices . . . dictated by the lace medium," those arguments are better suited for summary judgment, after discovery and perhaps with the aid of expert testimony. For this stage, Malibu successfully pled striking similarity in the post-remand Complaints, and the district court erred in dismissal on this ground.

*Substantial Similarity.*  But striking similarity was not the only theory Malibu sought to plead.  The next question is whether the district court erred in denying Malibu leave to amend its access allegations for a theory of substantial similarity.  This Court reviews denial of leave to amend for abuse of discretion.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).  "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."  *Id.* (citation omitted).  "An outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (citation omitted).

When pleading substantial similarity, a copyright infringement plaintiff "must allege facts 'from which a reasonable finder of fact could infer that the defendant had a reasonable opportunity to copy his or her work.'"  *Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 1149 (C.D. Cal. 2015) (citation omitted), *aff'd*, 690 F. App'x 519 (9th Cir. 2017); *see also L.A. Printex*, 676 F.3d at 846 ("Proof of access requires 'an opportunity to view or to copy plaintiff's work.'") (citation omitted).  As the prior Panel instructed, Malibu could meet this pleading requirement by alleging "a chain of events that linked the protected pattern with the allegedly infringing patterns, or provid[ing] sales figures

accompanied by dates and geographic distribution information plausibly showing access via widespread dissemination." *Label Lane*, 668 F. App'x at 804; *see also H&M*, 668 F. App'x at 801.

Here, the proposed amended Complaints allege several ways Defendants had access to the Subject Work. Malibu first alleges that Defendants do business in California and that they had access to the Subject Work through Malibu's California showrooms. Malibu next states that, since 1998, it has produced "approximately 1 million yards of lace bearing the Subject Work," which have been manufactured in "over twenty mills, including numerous mills in China." Those mills' libraries of patterns, containing the Subject Work, have since been acquired by other mills, who in turn "have offered those patterns to customers without regard to whether those patterns were protected by copyright law." Malibu further alleges that its customers have "sold garments and other products featuring the Subject Work . . . in the same markets (domestically and internationally) as Defendants." Finally, Malibu specifies several clothing retailers "operating in the same market as Defendants" that collectively "have sold hundreds of thousands of garments featuring reproductions of the Subject Work."

These allegations, taken as true, plausibly allege Defendants had reasonable opportunities to view the Subject Work. *See L.A. Printex*, 676 F.3d at 848. The proposed amendments would have sufficiently alleged access. The district court thus abused its discretion by denying leave to amend.

### Attorney Fees

In its cross-appeal, H&M argues the district court erred in denying its motion for attorney fees. Because of the

district court errors, H&M is no longer a prevailing party eligible for attorney fees under 17 U.S.C. § 505, making its cross-appeal moot.  *See Electro Source, LLC v. Brandess-Kalt-Aetna Group, Inc.*, 458 F.3d 931, 941 (9th Cir. 2006).

## CONCLUSION

It is the responsibility of "the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Federal Civil Rule 1.  This aspirational goal was not achieved in these cases.  This latest round of appeals added nearly two years to cases that were already three years old.  And these cases have not advanced beyond the initial pleading stage.  Direction from the earlier appeals was disregarded, as were the parties' stipulations to allow amendments to the Complaints.  This Court reverses the dismissal of the Complaints and remands to allow the cases to proceed consistent with this Opinion.

The district court judgments in Case Nos. 17-55983 and 17-55984 are **REVERSED and REMANDED**.  The cross-appeal in Case No. 17-56531 is **DISMISSED** as moot.

**APPENDIX**



| SUBJECT WORK | LABEL LANE PATTERN |
|---|---|

| SUBJECT WORK | H&M PATTERN |
|---|---|

