**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA MOORE, | No. 19-55338 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01186-CAB-LL |
| v. | |
| GREYHOUND BUS LINES, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Brenda Moore appeals pro se from the district court's summary judgment in

her action alleging a claim for disability discrimination under Title III of the

Americans with Disabilities Act.  We have jurisdiction under 28 U.S.C. § 1291.

We review for an abuse of discretion a district court's denial of leave to amend.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 954 (9th Cir. 2019). We affirm.

The district court did not abuse its discretion in denying Moore leave to amend to allege a claim under California's Unruh Civil Right Act because the proposed amendment would have been futile. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (a district court does not abuse its discretion in denying leave to amend if amendment would be futile); *see also* Cal. Civ. Code § 51(b) (California's Unruh Civil Rights Act prohibits discriminatory conduct against "[a]ll persons within the jurisdiction of this state" on the basis of a protected category including disability (emphasis added)).

To the extent that Moore challenges the district court's denial of Moore's motions to reconsider the district court's denial of leave to amend, the district court did not abuse its discretion in denying reconsideration because Moore failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (recognizing a district court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order" (citation and internal quotations omitted)).

We do not consider matters, including the district court's summary judgment, not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We also do not consider arguments and allegations raised for the first time on appeal, including Moore's contention that the district court wrongly permitted defendant to file a late answer to the second amended complaint. *See id.*

We reject as meritless Moore's contention that the district court was biased.

**AFFIRMED.**